KNOLL, Justice,
dissenting.
| ,The majority granted certiorari in this case to determine whether the. district court abused its discretion in awarding damages in a class action suit resulting from a chemical leak. For the following reasons, I find this “simple and routine” case does not meet the stringent considerations presented in La. Sup.Ct. R. X and, therefore, does not warrant the exercise of this Court’s supervisory jurisdiction.
This Court has broad discretion whether to grant a writ of certiorari. See La. Sup.Ct. R. X, § 1(a); Jonathan C. Augustine, Louisiana Appellate Practice and Procedure: An Overview for Legal Practitioners 53 La. B.J. 214, 217 (Oet./Nov. 2005). In the exercise of this discretion, we are guided by La. Sup.Ct. R. X, which sets forth the “character of the reasons” this Court considers in deciding whether to grant a writ and hear a particular case. Deborah M. Henson, Keys to Successful Appellate Practice: Helping the Litigator Write and Argue in Louisiana Courts of Appeal and the Louisiana Supreme Comt 57 La. B.J. 310, 312 (Feb./March 2010). This rule requires the case or issue of which a litigant seeks review by this Court present one or more of its enumerated considerations. La. Sup.Ct. R. X, § 1(a).
Under its provisions, the civil cases this Court may consider on writ are those where conflicting decisions by the various courts of appeal are involved, a significant _[¿ssue of law is unresolved, a controlling precedent should be examined and perhaps overturned, a court of appeal has erroneously interpreted a law or the constitution so as to “cause material injustice or significantly affect the public interest,” or where a court of appeal has so far departed from proper judicial proceedings as to call for the court’s supervisory authority. La. Sup.Ct. R. X., § l(a)(l)-(5). “Rule X thus excludes ‘simple and routine’ cases from those in which writs of certiorari are granted by the supreme court.” Kevin R. Tully & E. Phelps Gay, The Louisiana Supreme Court Defended: A Rebuttal of the Louisiana Supreme Court in Question: An Empirical and Statistical Study of the Effects of Campaign Money on the Judicial Function, 69 La. L.Rev. 281, 290-91 (Winter 2009). In so doing, its considerations affirm the function of this Court as a judicial policy-making body, and not as an errors-eorrecting court.
Nevertheless, the majority in this case seeks to review the district court’s de min-imis damage awards ranging from $1,500 to $3,500. Yet, as our Rule X considerations demonstrate, it is not the function of this Court to micro-manage a district court’s exercise of its “great” and “vast” discretion in awarding damages to personal injury claimants. See Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993)(“the discretion vested in the trier of fact is ‘great,’ and even vast, so that an appellate court should rarely disturb an award of general damages”); see also Menard v. Lafayette Ins. Co., 09-1869, pp. 13-14 (La.3/16/10), 31 So.3d 996, 1006-07 (“In accordance with well-established law, much discretion is left to the judge ... in its assessment of quantum.... As a determination of fact, a judge’s ... assessment of quantum, or the appropriate amount of damages, is one entitled to great deference on review.”); Duncan v. Kansas City Southern Railway Co., 00-0066, p. 13 *1259 (La.10/30/00), 773 So.2d 670, 682 (“Vast discretion is accorded the trier of fact in fixing Isgeneral damage awards.... This vast discretion is such that an appellate court should rarely disturb an award of general damages.”). Therefore, I respectfully dissent from the majority’s improper exercise of this Court’s supervisory jurisdiction merely to reduce the de minimis general damages awards from a few thousand to a few hundred dollars.